*In re* RAYMOND C. O'NEILL.

*Número:* — *Resuelto:* 9 de junio de 1967

Raymond C. O'Neill, *pro se.*

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

El día 16 de diciembre de 1965, la American Defender Life Insurance Co., una corporación organizada bajo las Leyes del Estado de Carolina del Norte, expidió un certificado de la corporación para consentir a ser demandada en Puerto Rico por cualquier causa de acción en su contra que se origi-

nare en Puerto Rico, pudiendo ser citada para cualquier procedimiento en corte por conducto del Comisionado de Seguros de Puerto Rico o de su agente general, la Condado Insurance Agency, agencia de negocios doméstica a cargo de sus negocios en Puerto Rico. Dicho documento fue autenticado en la ciudad de Fayetteville (Cumberland), en la misma fecha de su expedición por el Notario del Estado de Carolina del Norte, Grace L. Smith.

El día 22 de diciembre de 1965, la Security Title S. Guaranty Company of New York, una corporación organizada bajo las Leyes del Estado de Nueva York, expidió un certificado de la corporación para consentir a ser demandada en Puerto Rico por cualquier causa de acción en su contra que se originare en Puerto Rico, pudiendo ser citada para cualquier procedimiento en corte por conducto del Comisionado de Seguros de Puerto Rico o por conducto de su agente general, y la Mortgage Title Insurance, Inc., corporación doméstica a cargo de sus negocios en Puerto Rico. Dicho documento fue autenticado en la ciudad de Nueva York, en la misma fecha de su expedición, por el Notario del Estado de Nueva York, Sr. A. Ralph C. Weffer.

Radicados dichos dos certificados en la Oficina del Comisionado de Seguros, en su forma original, fueron devueltos por falta de protocolización de acuerdo con las disposiciones de la Ley Núm. 62 de 8 de mayo de 1937—4 L.P.R.A. sec. 923 (págs. 637–638 ed. 1965). Protocolizados, mediante escrituras Núm. 3 de fecha 5 de enero de 1966 y Núm. 2 de 5 de enero de 1966, ante el Notario de Puerto Rico Raymond C. O'Neill, fueron devueltas por la misma oficina las copias notariales de la protocolización por no haber sido inscritas en el Registro de Poderes de este Tribunal. Cuando fueron presentadas a inscripción ante el Registro de Poderes con fecha 12 de enero de 1966 se inscribieron pero el Notario fue requerido a explicar las razones que tuvo para no haber notificado al

Registro dentro de las setenta y dos horas siguientes a su otorgamiento, dichas protocolizaciones, de acuerdo con la Ley.

En contestación al requerimiento, el Notario Raymond C. O'Neill alega, (1) que los documentos arriba transcritos, objeto de las dos protocolizaciones notariales, no son poderes, propiamente dichos, sino más bien consentimientos, a ser demandados en Puerto Rico y la designación del Comisionado de Seguros o de un agente para que puedan recibir citaciones por cualquier reclamación contra las compañías que se originare en Puerto Rico; (2) que aun si se consideraren los documentos protocolizados como poderes, no es necesario protocolizar un poder otorgado fuera de Puerto Rico cuando dicho poder no afecta operaciones relacionadas con derechos inmobiliarios.

1–2—El Art. 3 de la Ley Núm. 62 de 8 de mayo de 1937, según enmendado por la Ley Núm. 25 de 3 de mayo de 1954 —4 L.P.R.A. sec. 922 (págs. 636–637 ed. 1965) dispone: "Será obligación de todo notario ante el cual se otorgue una escritura de constitución, modificación, ampliación, sustitución, renuncia, revocación o renovación de poder, remitir al Secretario del Tribunal Supremo de Puerto Rico, dentro de las setenta y dos horas después de su otorgamiento, una notificación, bajo su fe notarial, haciendo constar en la misma el nombre o nombres del otorgante u otorgantes y testigos, fecha, número y naturaleza de la escritura con especificación de la persona a quien se le confiere, amplía, modifica o revoca el poder; en caso de sustitución de poder se consignará en dicha notificación el nombre de la persona sustituida y el apoderado, y cuando se trate de renuncia de poder el nombre del mandante; Disponiéndose que será deber del Secretario del Tribunal Supremo acusar recibo a los notarios de dicha notificación y proceder inmediatamente después de recibirla a hacer las anotaciones correspondientes en el libro que determina la sec. 924 de este título."

El Art. 4 de la Ley Núm. 62 de 8 de mayo de 1937—4 L.P.R.A. sec. 923 (págs. 637–638 ed. 1965) dispone: "Todo instrumento de constitución, modificación, ampliación, sustitución, renuncia o revocación de poder otorgado fuera del Estado Libre Asociado no surtirá efecto en Puerto Rico, a menos que sea previamente protocolizado en Puerto Rico, siendo obligación del notario que verifique dicha protocolización dar cumplimiento a las disposiciones de la sec. 922 de este título tal y como si el documento motivo de protocolización hubiera sido otorgado ante él."

Ahora bien, los dos documentos a que se refiere esta opinión son los requeridos por la Sec. 3.170 (1) (j) de la Ley Núm. 77 de 19 de junio de 1957—26 L.P.R.A. 317 (1) (j) págs. 32–33 (ed. 1958) que dispone: "El asegurador presentará o depositará también ante el Comisionado [de Seguros] : (a) Copia de la resolución de su junta de directores u otro organismo directivo, para contratar negocios de seguros en Puerto Rico y designar el funcionario o los funcionarios del asegurador que tendrían autoridad para informar al Comisionado de tiempo en tiempo, en cuanto a la clase o clases de seguros que tramitarían. Dicha copia deberá ser certificada por el secretario del asegurador y autenticada con el sello de la corporación, si lo tuviere.

. . . . . . . . .

(j) Designación del gerente o agente general del asegurador que residirán y estarán a cargo de sus negocios en Puerto Rico junto con la aceptación por escrito del agente general, si lo hubiere. Dicho agente general podrá ser una persona natural o jurídica. Si el agente general fuere una sociedad, la aceptación deberá ser firmada por todos los socios. Si el agente general fuere una corporación, la aceptación deberá formalizarse por su presidente y acompañarse con copia certificada de la resolución en que su junta de directores autoriza la aceptación de tal agencia general. El Comisionado suministrará

el formulario de designación." Entendido queda que los términos "gerente" "agente general" tienen el significado ordinario que se le da en la Ley de Seguros de Puerto Rico.

██ Tiene razón el Notario requerido, en su argumentación ante nos, que los documentos descritos en el comienzo de esta opinión no son poderes, propiamente dichos, tal como los concibe el Derecho privado, sino más bien, consentimientos para ser demandados en Puerto Rico los aseguradores, con la designación de los oficiales del Gobierno y los agentes, a quienes deben servirse las citaciones por cualquier reclamación contra la compañía, por incumplimiento de sus obligaciones legales, que se originare en Puerto Rico. Se trata de un documento impreso, suplido por el propio Comisionado de Seguros, que sólo contiene la descripción de las facultades que la propia Ley de Seguros de Puerto Rico le concede a los agentes, y tratándose de un documento público redactado de acuerdo con las disposiciones de una ley, no necesitaría para su validez del otorgamiento de un documento privado de poder, con su correspondiente protocolización e inscripción en nuestro Registro de Poderes. De acuerdo con la Ley de Seguros de Puerto Rico, es en las oficinas del Comisionado de Seguros de Puerto Rico, y no en el Registro de Poderes de este Tribunal, donde debe radicarse, tanto la autorización para ser demandado, como la designación de los agentes llamados a recibir las citaciones. Además es la misma Ley de Seguros de Puerto Rico quien autoriza la citación al Comisionado de Seguros de Puerto Rico en ausencia de un agente autorizado de la compañía. Es mejor mantener la casa en orden y distribuir nuestros títulos de representación de acuerdo con los fines de cada ley y las dependencias creadas para su administración.

*Por las razones expuestas se exonera a dicho Notario de cualquier responsabilidad establecida por nuestra Resolución de 18 de mayo de 1959.*